GARRISON, Judge.
On September 9, 1984, Janis Eck was injured by a falling tree limb while visiting a neighbor. Janis Eck and her husband, Patrick Eck, filed suit against Charlotte O’Flarity, the resident of the property on which Mrs. Eck was injured, and her insurer, Cumis Insurance Society, Inc., for damages resulting from injuries sustained in the accident. The defendant admitted liability in this case; therefore, the only issue at trial was the quantum of damages to be awarded to the Ecks.
Following trial on that issue, the jury returned a verdict awarding: 1) Janis Eck $10,000.00 in general damages and 2) Patrick Eck $5,070.05 for medical expenses incurred by Mrs. Eck and lost wages of Mrs. Eck for the period in 1984 when she missed work due to her injuries. The trial judge made the jury verdict the judgment of the court, awarding Janis and Patrick Eck $15,070.05, together with legal interest from date of judicial demand until paid. The judgment was later amended because of a calculation error in the original judgment to include an additional $935.90 in lost wages and medical expenses. Plaintiffs now appeal this award.
On appeal, the plaintiffs argue that the award of $10,000.00 in general damages is grossly inadequate and amounts to an abuse of the trial court's discretion. Mrs. Eck s primary injury from this accident was a minimal hairline fracture of the twelfth thoracic vertebra. Mrs. Eck’s physician, Dr. Robert Ruel, stated that this condition resulted in a 10% permanent physical impairment. Dr. Ruel explained that the assessment of this percentage of disability includes possible arthritic changes which may occur in the future.
Mrs. Eck also experienced headaches, dizziness, blurred vision and a scalp abrasion as a result of this accident but she recovered from these conditions within five weeks of the accident. Mrs. Eck’s fears of possible problems with future pregnancies due to her injuries are completely unfounded according to the testimony of her doctors.
Mrs. Eck returned to her job as a nurse six weeks after the accident. Furthermore, seven months after the accident, Mrs. Eck walked in the 6.5 mile Crescent City Classic road race and was frequently exercising at a local health club. At the time of trial, Mrs. Eck was experiencing only occasional back and neck discomfort.
Based on the testimony at trial, it appears that a general damage award of $10,-000.00 was neither “grossly inadequate” nor an abuse of the trial judge’s discretion. The fact that plaintiffs were offered more than this amount in a pre-trial settlement offer by defendants is irrelevant. Plaintiffs knew of the possibility of receiving a lesser amount after the trial when they rejected defendants’ pre-trial offer and they cannot now try to hold defendants to that figure simply because the jury award was lower than they had hoped.
Therefore, because we find that there was no abuse of the trial court’s wide discretion, we affirm the judgment of the trial court.
AFFIRMED.